IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LYNNOTT ROGERS,

                                                                        OPINION AND ORDER

           Plaintiff,

                                                                            20-cv-514-bbc

   v.

DR. SMESTAD, DR. LOVAS AND CINDY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Lynnott Rogers is a patient civilly committed at the Sand Ridge Secure Treatment Center under Chapter 980 of the Wisconsin Statutes. He has filed a civil action under 42 U.S.C. § 1983, alleging that defendant Dr. Smestad did not sew up his gum completely after extracting two of plaintiff's teeth on June 10, 2019 and that defendant Dr. Lovas and his assistant, defendant Cindy, contaminated his gums when they filled the hole in his gum on October 16, 2019. Plaintiff alleges that he has nerve and other pain in his face and has pain in his right eye when he is in the cold. Because plaintiff is proceeding without prepayment of the full filing fee, I must screen his complaint under 28 U.S.C. § 1915(e) to determine whether the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Because I find that plaintiff's allegations do not support any federal claim, his complaint will be dismissed.

## OPINION

As a civilly-committed detainee, plaintiff's claims arise under the Fourteenth

1

Amendment's Due Process Clause, not the Eighth Amendment. Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008); Bevan v. Rustad, 2020 WL 777894, at *1 (W.D. Wis. Feb. 18, 2020). Civil detainees are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." McGee v. Adams, 721 F.3d 474, 480 (7th Cir. 2013) (quoting Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982)). A medical provider acting under state law violates the Fourteenth Amendment if that individual's actions are "objectively unreasonable." Miranda v. County of Lake, 900 F.3d 335, 352-53 (7th Cir. 2018) (applying the standard from Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015), related to excessive force claims brought by civil detainees, to medical care claims for detained individuals). Therefore, to state a claim that defendants violated his Fourteenth Amendment rights to adequate medical care, plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) defendants' response to it was objectively unreasonable. Miranda, 900 F.3d at 352-53. A showing of negligence or even gross negligence is not sufficient under either the Eighth or Fourteenth Amendment. Id.

Plaintiff's allegations that he had two teeth extracted and a hole filled in his gum and currently experiences pain in his face suggest that he has (or had) a serious medical condition. However, his allegations do not suggest that any of the defendants acted unreasonably in treating his medical condition. Plaintiff alleges that Dr. Smestad did not completely sew up his gum and that Dr. Lovas and his assistant, Cindy, filled the hole in his gum in a way that hurt him. Although plaintiff alleges that he has had pain after undergoing

those procedures, his allegations do not suggest that any of the defendants was made aware of the problem or had any opportunity to address it. At most, plaintiff's allegations suggest that something may have gone wrong during his dental procedures. However, negligence or medical malpractice on the part of defendants is not enough to state a constitutional claim. Miranda, 900 F.3d at 353 (explaining that "something akin to reckless disregard" is required). Accordingly, I conclude that plaintiff has failed to state a federal claim for relief.

ORDER

IT IS ORDERED that plaintiff Lynnott Rogers's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 26th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge